[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 14.]

STARK COUNTY BAR ASSOCIATION *v*. WATKINS.

[Cite as *Stark Cty. Bar Assn. v. Watkins*, 2001-Ohio-6976.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Handling a legal matter not competent to handle—Handling a legal matter without adequate preparation—Neglect of an entrusted legal matter—Failing to seek the lawful objectives of a client—Neglecting or refusing to assist or testify in a disciplinary investigation or hearing.*

(No. 01-1206—Submitted August 28, 2001—Decided December 19, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-24.

_____

*Per Curiam.*

{¶ 1} From September 1997 through the spring of 1998, respondent, Timothy W. Watkins of North Canton, Ohio, Attorney Registration No. 0041271, received retainers from clients in six separate matters and failed to take action on their behalf. In September 1997, Jacqueline Cassel retained respondent to collect back rent from an original lessor and from a sublessor who was occupying a residence owned by her. Thereafter, respondent did not reply to Cassel's attempts to contact him and did not return her files. In October 1997, Jennifer R. Greene retained respondent for representation in a medical malpractice action. Afterwards, Greene could not contact respondent.

{¶ 2} Also in 1997, after respondent attended a hearing in a divorce action on behalf of Teresa A. Day, in which she was awarded one-half of her ex-husband's stock option plan, he failed to prepare a follow-up Qualified Domestic Relations Order or return Day's phone calls.

**{¶ 3}** Dena Metz paid respondent a $500 retainer in September 1997 to represent her in a divorce case. Although he appeared at the initial hearing, respondent failed to keep in contact with Metz, did not appear at a scheduled hearing, and did not acknowledge Metz's termination letter to him. He also failed to advise Metz of a show cause hearing for her failure to cooperate with discovery requests, which respondent had not forwarded to her. As a result of her failure to appear, the court issued a warrant for Metz's arrest. Ultimately, Metz retained another attorney to complete her divorce proceeding, and respondent never refunded the retainer that she had paid to him.

**{¶ 4}** In the spring of 1998, William Welker retained respondent to represent him in a breach of contract action. On April 30, 1998, respondent dismissed the case without prejudice. Throughout the remainder of 1998 and the first part of 1999, Welker could not contact respondent.

**{¶ 5}** After Jennifer R. Greene complained to the Stark County Bar Association, relator herein, that respondent had in January 1998 voluntarily dismissed without prejudice a malpractice action that he had filed for Greene and had refused to contact her, respondent refiled the action against the three defendants. However, the court issued summary judgment in favor of two defendants when respondent failed to respond to those defendants' motion. Respondent dismissed the action against the other defendant without prejudice. He did not advise Greene of either the granting of the summary judgment or the dismissal.

**{¶ 6}** Based on grievances filed by these clients, relator filed a complaint charging respondent with violating numerous provisions of the Code of Professional Responsibility. Respondent answered, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline ("board"). After a hearing during which the panel accepted stipulations and exhibits, the panel found the facts as set forth above. Respondent submitted no evidence of mitigation.

Based on these facts, the panel concluded that respondent's conduct violated DR 1-102(A)(4) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), 6-101(A)(1) (a lawyer shall not handle a legal matter which he is not competent to handle), 6-101(A)(2) (a lawyer shall not attempt to handle a legal matter without preparation adequate in the circumstances), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), and 7-101(A)(1) (a lawyer shall not intentionally fail to seek the lawful objectives of a client). The panel also concluded that in not responding fully and promptly to relator's inquiries regarding these matters, respondent violated Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in a disciplinary investigation or hearing).

{¶ 7} The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 8} Upon review, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————

*Timothy B. Saylor, Richard S. Milligan* and *John R. Giua,* for relator.

*Timothy W. Watkins, pro se*.

————————————