[Cite as State v. McFadden, 2014-Ohio-5294.]

 IN THE COURT OF APPEALS OF OHIO
 FOURTH APPELLATE DISTRICT
 WASHINGTON COUNTY

STATE OF OHIO, :
 :
 Plaintiff-Appellee, : Case No. 14CA5
 :
 vs. :
 : DECISION AND JUDGMENT
GARY L. McFADDEN, II, : ENTRY
 :
 Defendant-Appellant. : Released: 11/17/14
_____________________________________________________________
 APPEARANCES:

Stephen K. Sesser, Chillicothe, Ohio, for Appellant.

Paul G. Bertram, III, Marietta City Law Director, and Daniel Everson,
Marietta City Assistant Law Director, Marietta, Ohio, for Appellee.
_____________________________________________________________

McFarland, J.

 {¶1} Gary L. McFadden, II, Appellant, appeals his conviction in the

Marietta Municipal Court after a jury found him guilty of one count of

assault, a violation of R.C. 2903.13(A). Appellant contends the trial court

erred by refusing to give a lesser included instruction on the charge of

disorderly conduct by engaging in fighting, R.C. 2917.11(A)(1). Upon

review, we find Appellant did not request the lesser included instruction in

writing, as required by Crim.R. 30. As such, the trial court did not abuse its

discretion when it denied Appellant’s oral request. Accordingly, we
Washington App. No. 14CA5 2

overrule the sole assignment of error and affirm the judgment of the trial

court.

 FACTS

 {¶2} Appellant was charged with two violations of assault, R.C.

2903.13(A), arising from an incident which occurred on July 8, 2013 in

Marietta, Ohio. The alleged victims were Walter E. “Pete” Friend, Jr., and

Kimberly Fortney. The matter proceeded to a jury trial on February 13,

2014. The jury heard testimony from several witnesses, who included:

Sergeant Rodney Hupp, Patrolman Allen Linscott, Friend, Fortney, Carl

Newbrough, Melissa Harris, and Officer Katherine Warden, on behalf of the

State of Ohio. Violet McFadden (Appellant’s mother), Veronica Angela

“Angie” Plaugher (Appellant’s sister), and Rosalie Powell (Appellant’s

girlfriend), testified on behalf of the defense.1

 {¶3} During trial, Appellant orally requested an instruction on the

lesser included offense of disorderly conduct by fighting, a violation of R.C.

2917.11(A)(1). The trial court denied the instruction. Appellant was

subsequently found guilty of assault as to Walter Friend, Jr. The jury found

him not guilty of assault as to Kimberly Fortney. The court imposed a sixty

(60) day jail sentence. This timely appeal followed.
1
 Appellant is Walter Friend’s cousin. Violet McFadden in Walter Friend’s aunt. Walter Friend and Kim
Fortney were living in property owned by Appellant and his mother. The incident between Appellant and
Friend arose from a landlord-tenant dispute.
Washington App. No. 14CA5 3

 ASSIGNMENT OF ERROR

 I. APPELLANT WAS DEPRIVED OF A FAIR TRIAL
 WHEN THE COURT IMPROPERLY REFUSED
 DEFENDANT A JURY INSTRUCTION ON DISORDERLY
 CONDUCT BY FIGHTING.

 A. STANDARD OF REVIEW

 {¶4} “When the indictment, information, or complaint charges an

offense including degrees, or if lesser offenses are included within the

offense charged, the defendant may be found not guilty of the degree

charged but guilty of an inferior degree thereof, or of a lesser included

offense.” State v. Maynard, 4th Dist. Washington No. 10CA43, 2012-Ohio-

786, ¶ 25, quoting Crim.R.31(C). See, also, R.C. 2945.74.

 {¶5} “In reviewing a trial court’s decision regarding whether to give a

jury instruction on a lesser-included offense, we employ a two-tiered

analysis. Maynard, supra, at ¶ 26. First, we must determine whether the

offense for which the instruction is requested is a lesser-included offense of

the charged offense.” Id. (Citation omitted.). State v. Smith, 4th Dist. Scioto

No. 09CA3321, 2010-Ohio-5953, ¶ 23. A criminal offense may be a lesser

included offense of another if (1) the offense carries a lesser penalty than the

other; (2) the greater offense cannot, as statutorily defined, ever be

committed without the lesser offense, as statutorily defined, also being

committed; and (3) some element of the greater offense is not required to
Washington App. No. 14CA5 4

prove the commission of the lesser offense. State v. Barnes, 94 Ohio St.3d

14 26-27, 759 N.E.2d 1240, citing State v. Deem, 40 Ohio St.3d 205, 533

N.E.2d 294 (1988), paragraph three of the syllabus.

 {¶6} Once it is determined that a charge constitutes a lesser-included

offense of another charged offense, we then examine whether the record

contains evidentiary support upon which a jury could reasonably acquit the

defendant of the greater offense and convict him on the lesser offense.

Maynard, supra, at ¶ 28. The trial court has discretion in determining

whether the record contains sufficient evidentiary support to warrant a jury

instruction on the lesser-included offense, and we will not reverse that

determination absent an abuse of discretion. Maynard, supra, citing Smith,

supra, at ¶ 24. An abuse of discretion connotes more than a mere error of

judgment; it implies that the court’s attitude is arbitrary, unreasonable, or

unconscionable. Maynard, supra, at ¶ 29, citing State v. Adams, 62 Ohio

St.2d 151, 157, 404 N.E.2d 144 (1980).

 B. LEGAL ANALYSIS

 {¶7} Appellant sought an instruction for a minor misdemeanor

disorderly conduct, pursuant to R.C. 2917.11(A)(1), which the trial court

denied. Appellant argues several witnesses testified that the victim, Friend,

and he, were antagonizing each other to have a mutual fight. Appellant
Washington App. No. 14CA5 5

argues the record clearly contains evidentiary support upon which the jury

could reasonably have acquitted him of the greater offense, assault, and

convicted him on the lesser offense, disorderly conduct. We have repeatedly

held that disorderly conduct is a lesser-included offense of assault.

Maynard, supra, at ¶ 27. See State v. Breidenbach, 4th Dist. Athens No.

2010-Ohio-4335, ¶ 14.2 Appellant concludes that the trial court erred by not

allowing the jury to be instructed on the lesser included offense.3

 {¶8} Appellee responds that: (1) the trial court properly refused to

give the requested instruction on disorderly conduct because Appellant did

not file a request in writing as required by Crim.R. 30(A); and, (2) Appellant

was not entitled to the lesser included instruction because it was not

supported by the evidence. A review of the record demonstrates Appellant’s

counsel asserted in his opening statement that the incident was a “disorderly

conduct” not an “assault.” Counsel and the trial court engaged in

discussions early on in trial regarding Appellant’s written request for

2
 See, also, State v. Rice, 4th Dist. Ross No. 03CA2717, 2003-Ohio-6515, at ¶ 13; State v. Walton, 4th Dist.
Ross No. 03CA2716, 2003-Ohio-6514, at ¶ 13; State v. Ault, 4th Dist. Athens No. 99CA56, 2000 WL
1264600, *2; State v. Lemley, 4th Dist. Gallia No. 95CA24, 1996 WL 718264, *3 (relying on State v.
Roberts, 7 Ohio App.3d 253, 455 N.E.2d 508 (1st Dist. 1982); State v. Hughes, 4th Dist. Ross No. 1158,
1985 WL 8353 (relying on Roberts). We also acknowledge that other courts have reached a different
conclusion. Breidenbach, supra, at ¶ 14. See, e.g., State v. Ocasio, 2nd Dist. Montgomery No. 19859,
2003-Ohio-6240, at ¶ 20; State v. Neal, 10th Dist. Franklin No. 97APA12-1676.
3
 The trial court ruled that based on an understanding of the law, disorderly conduct by fighting in violation
of 2917.11(A)(1) is not a lesser included of assault. This court has ruled otherwise. See fn. 5, infra.
However, for the reason which will follow, the trial court did not err by refusing to give the lesser included
instruction.
Washington App. No. 14CA5 6

instructions on “provocation” and other legal definitions, yet did not request

the lesser included instruction in writing.4 We consider Appellee’s first

contention.

 {¶9} Crim.R. 30(A) states:

 “At the close of evidence or at such earlier time during the trial
 as the court reasonably directs, any party may file written
 requests that the court instruct the jury on the law as set forth in
 the requests. Copies shall be furnished to all other parties at the
 time of making the requests. The Court shall inform counsel of
 its proposed action on the requests prior to counsel’s arguments
 to the jury and shall give the jury complete instructions after the
 arguments are completed. The court also may give some or all
 of its instructions to the jury prior to counsel’s arguments. The
 court need not reduce its instructions to writing.”

“In State v. Fanning, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982), paragraph

two of the syllabus, the Supreme Court of Ohio held:

 ‘[A] requested special jury instruction must be in writing and
 made at the close of the evidence, or at such earlier time as the
 court reasonably directs to be proper.’

Several appellate courts have found that Fanning applies to requests for jury

instructions involving lesser included offenses.” See, State v. Lemley, 4th

Dist. Gallia No. 95CA24, 1996 WL 718264, *3.

 {¶10} In Lemley, we found that Fanning requires a written request.

We further concluded that the trial court did not err when it denied the oral

4
 Appellant requested in writing instructions on “provocation,” “knowingly,” “sudden passion, sudden fit of
rage,” “serious provocation,” “emotional state of defendant,” and as to the charge of assault involving
Kimberly Fortney, “self-defense of another.”
Washington App. No. 14CA5 7

request to instruct the jury on the lesser included offense. Based on that

precedent, we find the trial court did not abuse its discretion when it denied

Appellant’s oral request for the lesser included offense instruction on

disorderly conduct.

 {¶11} Because of our finding above, that the trial court did not err in

denying Appellant’s oral request for the lesser included offense instruction,

we need not address his argument that the record contained evidentiary

support upon which the jury could reasonably have acquitted him of the

greater offense. As such, Appellant’s assignment is overruled and the

judgment of the trial court is affirmed.

 JUDGMENT AFFIRMED.
Washington App. No. 14CA5 8

 JUDGMENT ENTRY

 It is ordered that the JUDGMENT BE AFFIRMED and costs be
assessed to Appellant.

 The Court finds there were reasonable grounds for this appeal.

 It is ordered that a special mandate issue out of this Court directing
the Marietta Municipal Court to carry this judgment into execution.

 IF A STAY OF EXECUTION OF SENTENCE AND RELEASE
UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL
COURT OR THIS COURT, it is temporarily continued for a period not to
exceed sixty days upon the bail previously posted. The purpose of a
continued stay is to allow Appellant to file with the Supreme Court of Ohio
an application for a stay during the pendency of proceedings in that court. If
a stay is continued by this entry, it will terminate at the earlier of the
expiration of the sixty day period, or the failure of the Appellant to file a
notice of appeal with the Supreme Court of Ohio in the forty-five day appeal
period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme
Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the
appeal prior to expiration of sixty days, the stay will terminate as of the date
of such dismissal.

 A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment and Opinion.

 For the Court,

 BY: ___________________________________
 Matthew W. McFarland, Judge

 NOTICE TO COUNSEL

 Pursuant to Local Rule No. 14, this document constitutes a final
judgment entry and the time period for further appeal commences from
the date of filing with the clerk.