SIVIT ET AL., APPELLEES, v. VILLAGE GREEN OF
BEACHWOOD, L.P., ET AL., APPELLANTS.

[Cite as *Sivit v. Village Green of Beachwood, L.P.*,
143 Ohio St.3d 168, 2015-Ohio-1193.]

(No. 2013–0586—Submitted March 11, 2014—Decided April 2, 2015.)

_____

PFEIFER, J.

### BACKGROUND

{¶ 1} In 2004, a fire destroyed Building 3 of the Village Green Apartments, located in Beachwood, Ohio. At the request of the Beachwood Fire Department, the fire was investigated by Ralph Dolence, an experienced fire investigator and consultant, who determined that the fire originated between the ceiling of the second story and the floor just above it as a direct result of construction defects.

{¶ 2} On October 23, 2007, a fire broke out in another building, Building 8, of the apartment complex. Dolence conducted an investigation and concluded that

the fire originated in the space between the floor and ceiling of apartments 210 and 310. Dolence detailed various National Electric Code violations, including unsecured feeder cables, wires double stapled, and wires placed against metal gusset plates with insulation damage. Dolence also saw extensive infiltration of water within the building. At trial, Dolence testified that he was 100 percent certain that the fire was caused by "faulty electrical wiring contaminated by water leaks" within the building.

{¶ 3} Following the 2007 fire, appellees, Carlos Sivit and several other tenants, filed suit against appellants, Village Green of Beachwood, L.P., and Forest City Residential Management, Inc. (collectively, "Village Green"), claiming that the building had been negligently constructed. Several subrogated insurers filed separate actions; the actions were consolidated in the trial court.[1] Sivit also claimed that Village Green had negligently maintained electrical wiring in violation of the Ohio Landlord–Tenant Act, R.C. Chapter 5321. After a jury trial, Village Green was found liable. The jury awarded compensatory damages of $582,146, punitive damages of $2,000,000, and attorney fees of $1,040,000. The Eighth District Court of Appeals affirmed. We granted Village Green's discretionary appeal. 136 Ohio St.3d 1404, 2013-Ohio-2645, 989 N.E.2d 1019.

ANALYSIS

{¶ 4} Village Green has raised three propositions of law, which are quoted and addressed in turn.

### Proposition of Law I

An action to recover damages for injury to person or property caused by negligence or other tortious conduct is a "tort action" within the meaning of R.C. 2315.21(A) even though the plaintiff's claim may have arisen from a breach of duty created by a contractual relationship and even though the defendant's conduct may have constituted both tortious conduct and a breach of contract.

{¶ 5} Village Green argues that the action brought by Sivit is a tort and thus that R.C. 2315.21 applies. The court of appeals concluded that Village Green and Sivit had a contractual agreement, which is true, and that "injurious conduct arising out of the contract is not a tort action," which is not necessarily true. 2013-Ohio-103, 2013 WL 177465, ¶ 59. Certainly, injurious conduct arising between parties to a contract does not always sound in tort, but it can, as in this

---

1. The plaintiffs in the consolidated actions will be referred to in this opinion as "Sivit."

case. Here, Village Green and Sivit have a contractual agreement, but the harm caused in this case is not the result of a contractual breach; it is the result of a violation of R.C. 5321.04, which constitutes negligence per se. *Robinson v. Bates,* 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 23, citing *Sikora v. Wenzel,* 88 Ohio St.3d 493, 727 N.E.2d 1277 (2000). Furthermore, counsel for Sivit conceded in oral argument that the case sounds in tort. We conclude that this is a tort action and, therefore, that it is subject to R.C. 2315.21.

{¶ 6} R.C. 2315.21(D)(2)(a) states that "in a tort action," a "court shall not enter judgment for punitive or exemplary damages in excess of two times the amount of the compensatory damages awarded to the plaintiff." The compensatory-damages award by the jury totaled $582,146. The judgment entry of the trial court also included stipulated compensatory damages of $186,631.95, which were contingent on a finding of liability. The punitive damages awarded totaled $2,000,000. The $2,000,000 award for punitive damages is more than twice the total compensatory damages. Accordingly, it is clear that the award of punitive damages is contrary to the mandate of R.C. 2315.21(D)(2).

{¶ 7} "The purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct." *Moskovitz v. Mt. Sinai Med. Ctr.,* 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1994). In *Moskovitz,* we reiterated that an award of punitive damages requires that actual malice be proven, and we defined "actual malice" as either " 'that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge' " or " 'a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.' " *Id.* at 652, quoting *Preston v. Murty,* 32 Ohio St.3d 334, 512 N.E.2d 1174 (1987), at syllabus. We also discussed the difficulty of determining an appropriate amount of punitive damages, quoting with approval *Shoemaker v. Crawford,* 78 Ohio App.3d 53, 66, 603 N.E.2d 1114 (1991), in which the Tenth District Court of Appeals stated:

> No simple mathematical formula can be applied as to either a minimum or a maximum, and there is a wide range between those figures. The decision rests as much on policy considerations as it does anything else and some degree of arbitrariness cannot be totally divorced from the decision, whether made by us or by the jury.

{¶ 8} Remittitur of punitive damages is required. Accordingly, we must consider the four criteria that arise from this court's decision in *Chester Park Co. v. Schulte,* 120 Ohio St. 273, 166 N.E. 186 (1929), paragraph three of the syllabus. *See Dardinger v. Anthem Blue Cross & Blue Shield,* 98 Ohio St.3d 77, 2002-Ohio-7113, 781 N.E.2d 121, ¶ 184. First, the punitive damages must have been

.

assessed by a jury; they were. Second, the verdict must not have been influenced by passion or prejudice; Village Green does not argue that the jury was unduly influenced by passion or prejudice. Third, the punitive damages must be excessive; they are in excess of the statutory limit. Fourth, the plaintiff must agree to the reduction; we consider the chance that Sivit will refuse remittitur remote given the clear mandate of the statute. We order reduction of the amount of punitive damages to twice the amount of compensatory damages that were awarded in the trial court's judgment entry, which we deem an appropriate amount to deter the conduct at issue in this case.

## Proposition of Law II

In order to recover punitive damages against a landlord on the ground that the landlord consciously disregarded the rights and safety of a tenant, the tenant must prove that the specific danger that caused [the] tenant's injury was a danger of which the landlord had subjective knowledge. The fact that the landlord had knowledge of another danger on the premises is irrelevant if that other danger had no causal connection to the tenant's injury.

{¶ 9} The essence of this proposition of law is to challenge the trial court's decision to allow the claim for punitive damages to go to the jury. Reviewing courts "will not disturb a decision of the trial court as to a determination of damages absent an abuse of discretion." *Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980), citing *Steiner v. Custer*, 137 Ohio St. 448, 31 N.E.2d 855 (1940).

{¶ 10} In reviewing the record, we see nothing that indicates that the trial court abused its discretion when it allowed the claim for punitive damages to go to the jury. The fire in 2007 had substantially the same cause as the fire in 2004. The circumstances attendant to both fires—the conscious disregard of code violations that affected health and safety—were more than enough for the jury to conclude that Village Green had acted with " 'a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm.' " *Moskovitz*, 69 Ohio St.3d at 652, 635 N.E.2d 331, quoting *Preston*, 32 Ohio St.3d 334, 512 N.E.2d 1174, syllabus. Given that, we cannot conclude that the trial court acted in a way that was unreasonable, arbitrary, or unconscionable.

In short, the trial court's decision to allow the issue of punitive damages to go to the jury was not an abuse of discretion.

## Proposition of Law III

A landlord cannot be held liable under R.C. 5321.04 for failure to correct defects occurring in electrical wiring of which it was unaware and which were concealed above ceilings or behind walls.

{¶ 11} Village Green may be correct in stating that it cannot be held liable for defects of which it was unaware. But that is not the issue in this case. There had been a previous fire in a different building started by the same cause as the fire in this case. Furthermore, there was evidence that faulty wiring caused the fire, and the walls of the building, where the wiring was installed, were described as "waterlogged" by a former maintenance supervisor at the apartment complex. There were sufficient facts upon which the jury could determine that Village Green was aware of the potential, indeed likelihood, of a fire. After reviewing the record, we see nothing that indicates that the trial court abused its discretion in allowing the jury to determine that Village Green had failed to comply with R.C. 5321.04.

### CONCLUSION

{¶ 12} In summary, we affirm the court of appeals with respect to all issues related to the verdict except the award of punitive damages. We agree with Village Green that the amount of punitive damages allowed exceeds the limit prescribed by R.C. 2315.21(D)(2)(a). Therefore, we hold that punitive damages in the amount of two times the award of compensatory damages is the appropriate amount and remand to the trial court to set the amount of damages.

Judgment accordingly.

O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and KENNEDY and FRENCH, JJ., concur in judgment only.

---

Diemert & Associates Co., L.P.A., Joseph W. Diemert Jr., and Daniel A. Powell, for appellees.

Ulmer & Berne, L.L.P., Marvin L. Karp, and Lawrence D. Pollack, for appellants.