O’Donnell, J.,
dissenting.
{¶ 28} Respectfully, I dissent.
{¶ 29} The purpose of punitive damages is to punish the tortfeasor and deter certain conduct. Sivit v. Village Green of Beachwood, L.P., 143 Ohio St.3d 168, 2015-Ohio-1193, 35 N.E.3d 508, ¶ 7. Because the purpose of awarding punitive damages is to punish the tortfeasor, in my view, punitive damages may not be awarded against the estate of a tortfeasor. Such an assessment does not serve that purpose.
*400 Facts and Procedural History
{¶ 30} Christine Whetstone, individually and on behalf of her two minor daughters, filed a complaint against her aunt, Roxanne McClellan, for assault, battery, false imprisonment, emotional distress, and loss of consortium. McClellan did not respond to the complaint, and as a result, the trial court entered a default judgment against her and scheduled a hearing on damages. McClellan moved for relief from the default judgment and requested a continuance of the damages hearing because it had been scheduled on the same day as one of her cancer treatments. The trial court denied the motion for relief and determined that the continuance request was moot because the court did not rule on it until after the hearing date had passed. The court notified the parties that it would reschedule the damages hearing. However, before it did so, McClellan died, and as a result, the trial court substituted Erin Binner, the administrator of her estate, as a party. The court then awarded compensatory damages to Whetstone and her daughters but sua sponte ruled that it could not award punitive damages against the estate of a tortfeasor and therefore also could not award attorney fees.
{¶ 31} In a two-to-one decision, the Fifth District Court of Appeals reversed the trial court and adopted the position of a minority of courts in other states that punitive damages may be assessed against a tortfeasor’s estate.
{¶ 32} Binner now appeals that judgment.
Law and Analysis
{¶ 33} “ ‘The purpose of punitive damages is not to compensate a plaintiff, but to punish and deter certain conduct.’ ” (Emphasis added.) Sivit, 143 Ohio St.3d 168, 2015-Ohio-1193, 35 N.E.3d 508, ¶ 7, quoting Moskovitz v. Mt. Sinai Med. Ctr., 69 Ohio St.3d 638, 651, 635 N.E.2d 331 (1994). This court has stated:
“[A] punitive damages award is more about [the] defendant’s behavior than the plaintiffs loss.” [Wightman v. Consol. Rail Corp., 86 Ohio St.3d 431, 439, 715 N.E.2d 546 (1999).] The focus of the award should be the defendant, and the consideration should be what it will take to bring about the twin aims of punishment and deterrence as to that defendant.
(Emphasis added.) Dardinger v. Anthem Blue Cross & Blue Shield, 98 Ohio St.3d 77, 2002-Ohio-7113, 781 N.E.2d 121, ¶ 178. We have also stated that the “purpose of punitive damages is to punish the offending party and make the offender an example to others so that they might be deterred from similar conduct.” (Emphasis added.) State Farm Mut. Ins. Co. v. Blevins, 49 Ohio St.3d 165, 168, 551 N.E.2d 955 (1990).
*401 {¶ 34} The majority attempts to separate the goals of punishment and deterrence as to a specific tortfeasor from the goal of general deterrence and concludes that “[allowing an award of punitive damages [against a tortfeasor’s estate] when liability has been determined prior to a tortfeasor’s death still accomplishes the general deterrence purpose of such awards.” Majority opinion at ¶ 24.
{¶ 35} The Supreme Court of Florida has explained:
“The punishment actually is inflicted upon [the tortfeasor’s] heirs. Separation of the ‘punitive’ and ‘exemplary’ aspects of [punitive damages] awards is unjustified because general deterrence logically depends upon the perception of punishment suffered by the wrongdoer. When that punishment is diffused and unjustly inflicted upon the innocent, through a doctrine analogous to attainder, the deterrent effect is frustrated. It is unrealistic to suppose that such awards deter other prospective tortfea-sors, especially if the criminal laws fail to do so.”
(Emphasis added by Florida Supreme Court.) Lohr v. Byrd, 522 So.2d 845, 846 (Fla.1988), quoting Byrd v. Lohr, 488 So.2d 138, 139 (Fla.App.1986); see also Doe v. Colligan, 753 P.2d 144, 146 (Alaska 1988) (“general deterrence depends significantly upon the punishment function of an award of punitive damages. Since the deceased tortfeasor cannot be punished, the general deterrent effect becomes speculative at best * * * ”).
{¶ 36} The dead cannot be punished or deterred, and “[w]hen the tortfeasor cannot be punished for his culpable behavior, punitive damages no longer have the desired effect and, therefore, the victim loses the legal entitlement to recover those damages.” Jaramillo v. Providence Washington Ins. Co., 117 N.M. 337, 345, 871 P.2d 1343 (1994).
Conclusion
{¶ 37} Assessing punitive damages against a tortfeasor’s estate neither punishes the tortfeasor nor deters similar conduct. The judgment of the appellate court should be reversed, and the judgment of the trial court should be reinstated.
{¶ 38} For these reasons, I dissent.
Kennedy, J., concurs in the foregoing opinion.