[Cite as *State v. Dean*, 2016-Ohio-5720.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 15CA3499 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| JASON W. DEAN, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 09/01/16** |

_____

APPEARANCES:

James S. Sweeney, James Sweeney Law, LLC, Columbus, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.

_____

McFarland, J.

{¶1} Jason W. Dean appeals the judgment entry of conviction entered on July 20, 2015, in the Ross County Common Pleas Court. A jury convicted Dean of felonious assault, R.C. 2903.11, a felony of the second degree. On appeal, Appellant raises two assignments of error. He argues first that the trial court committed plain error when it failed to give an instruction as to aggravated assault. He also argues he was rendered ineffective assistance of counsel and did not receive a fair trial by his counsel's failure to request the aggravated assault instruction. Having reviewed the record, we find no merit to Appellant's

assignments of error.  We therefore overrule both assignments of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2}  On March 13, 2015, the Ross County Grand Jury indicted Appellant of one count of felonious assault, R.C. 2903.11, a felony of the second degree.  The indictment arose from events which occurred on February 18, 2015, when Appellant allegedly assaulted his uncle, Randall Bell, by striking his body with Appellant's full-size Ford Explorer SUV.  The incident occurred at Bell's mother's house.  Bell's mother is also Appellant's grandmother.[1]

{¶3} Appellant originally pleaded not guilty at his March 16, 2015 arraignment.  On April 7, 2015, his counsel filed a motion to file a written plea out of rule, indicating not guilty by reason of insanity was a more appropriate plea.  Defense counsel also filed a motion requesting a competency examination pursuant to R.C. 2945.37.  The trial court granted both defense motions.  On June 11, 2015, based upon the report of Dr. Brian P. O'Reilly, a clinical and forensic psychologist, the trial court found Appellant was capable of understanding the nature and objectives of the proceedings against him, and was capable of assisting in his own defense.  The trial court ruled Appellant was therefore competent to stand trial.

---

[1] The record suggests Bell's mother and Appellant's grandmother's name is Shirley Bell. However, throughout the opinion, we will refer to this woman as Bell's mother.

{¶4} Appellant proceeded to a one-day jury trial on June 23, 2015.  The testimony of the witnesses will be set forth below.  At the conclusion of trial, defense counsel did not request a jury instruction as to the inferior degree offense of aggravated assault.  Appellant was found guilty and sentenced to a four-year prison term, including three years mandatory post release control.  Appellant was also ordered to pay restitution to the victim in the amount of $8,640.00.

{¶5} On July 30, 2015, Appellant filed a notice of appeal.  On October 9, 2015, Appellant filed a motion for delayed appeal which this Court granted.

ASSIGNMENT OF ERROR ONE

"I. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT
FAILED TO GIVE THE JURY AN INSTRUCTION AS TO THE
INFERIOR-DEGREE OFENSE OF AGGRAVATED ASSAULT."

STANDARD OF REVIEW

{¶6} Requested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction. *State v. Adams,* 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240. *Murphy v. Carrollton Mfg. Co.,* 61 Ohio St.3d 585, 591, 575 N.E.2d 828 (1991); *see State v. Griffin,* 141 Ohio St.3d 392, 2014-Ohio-4767, 24 N.E.3d 1147, ¶ 5. An appellate court reviews a trial court's refusal to give a requested jury instruction for abuse of discretion. *State v. Wolons,* 44 Ohio St.3d 64, 68, 541 N.E.2d 443

(1989). Here, Appellant did not request the trial court to give the jury an aggravated assault instruction.

{¶7} Crim.R. 30(A) explains: "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." *State v. Bailey,* 2015-Ohio-2144, 2015 WL 3539615 (4th Dist.), ¶ 20. Thus, a defendant's failure to request a particular instruction forfeits all but plain error. *Bailey, supra,* citing *State v. White*, 142 Ohio St.3d 277, 2015-Ohio-492, 29 N.E.3d 989, ¶ 57, citing *State v. Davis,* 127 Ohio St.3d 268, 2010-Ohio-5706, 939 N.E.2d 147, ¶ 24; *State v. Steele,* 138 Ohio St.3d 1, 2013-Ohio-2470, 3 N.E.2d 135, ¶¶ 29-30; *State v. Eafford*, 132 Ohio St.3d 159, 2012-Ohio-2224, 970 N.E.2d 891, ¶ 11; *State v. Bundy*, 2012-Ohio-3934, 974 N.E.2d 139, ¶ 65 (4th Dist.). Plain error exists when the error is plain or obvious and when the error "affect[s] substantial rights." Crim.R. 52(B). The error affects substantial rights when but for the error, the outcome of the proceeding would have been different. *White* at ¶ 57. Courts ordinarily should take notice of plain error "with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice." *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶ 78.

## LEGAL ANALYSIS

{¶8} Aggravated assault is an inferior degree of felonious assault. *State v. Bailey*, *supra,* at ¶ 22. *See also State v. Kwiatowski*, 6th Dist. Lucas No. L-14-1107, 2015-Ohio-3196, ¶ 8.  The two offenses are identical, except aggravated assault contains serious provocation as a mitigating factor. *State v. Deem*, 40 Ohio St.3d 205, 210-211, 533 N.E.2d 294, 299 (1988). *State v. Elliott*, 2nd Dist. Montgomery No. 26104, 2014-Ohio-4958, ¶ 24.  R.C. 2903.11 provides:

> "(A) No person shall knowingly do either of the following:
>
> (1) Cause serious physical harm to another or to another's unborn;
>
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance."

R.C. 2903.12(A) defines aggravated assault as follows:

> "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
>
> (1) Cause serious physical harm to another * * *."

{¶9} Thus, in a trial for felonious assault, a trial court must give the jury an aggravated assault instruction if the defendant presents sufficient evidence of serious provocation such that a jury could both reasonably acquit the defendant of felonious assault and convict the defendant of aggravated assault. *Bailey, supra*; *State v. Mack,* 82 Ohio St.3d 198, 200, 694 N.E.2d 1328 (1998); *Deem,* 40 Ohio St.3d at 211; *State v. Shane*, 63 Ohio St.3d 630, 632, 590 N.E.2d 272, 274-275

(1992). A defendant is not, however, entitled to an aggravated assault instruction simply because "some evidence" shows that the defendant may have acted under serious provocation. *Shane*, 63 Ohio St.3d at 633. "To require an instruction * * * every time 'some evidence,' however minute, is presented going to [serious provocation] would mean that no trial judge could ever refuse to give" the jury an aggravated assault instruction as an inferior degree to felonious assault. *Id.* Instead, "the quality of the evidence offered * * * determines whether a[n aggravated assault] charge should be given to a jury." *State v. Wine,* 140 Ohio St.3d 409, 2014-Ohio-3948, 18 N.E.3d 1207, ¶ 26.

{¶10} A trial court has discretion to determine whether the record contains sufficient evidence to support an aggravated assault instruction. *Bailey, supra,* at 23. *State v. McFadden*, 4th Dist. Washington No. 14CA5, 2014-Ohio-5294, ¶ 6; *State v. Mitts,* 81 Ohio St.3d 223, 228, 690 N.E.2d 522 (1998); *see Wine* at ¶ 21. Thus, we will not reverse that determination absent an abuse of discretion. An abuse of discretion implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *E.g., Sivit v. Village Green of Beachwood, L.P.,* 143 Ohio St.3d 168, 2015-Ohio-1193, 35 N.E.3d 508, ¶ 9, citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶11} To determine whether sufficient evidence of serious provocation exists so as to warrant an aggravated assault instruction, a trial court must (1)

objectively determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage, and (2) determine whether the defendant in the particular case actually was under the influence of sudden passion or in a sudden fit of rage. *Bailey, supra,* at 24. *Elliott, supra,* at 24. *Mack,* 82 Ohio St.3d at 201.

{¶12} Under the first part of the inquiry, provocation is reasonably sufficient to bring on a sudden passion or fit of rage if it would "arouse the passions of an ordinary person beyond the power of his or her control." *Bailey, supra*, at 25; quoting *Shane,* 63 Ohio St.3d at 635.  "If insufficient evidence of provocation is presented, so that no reasonable jury would decide that an actor was reasonably provoked by the victim, the trial judge must, as a matter of law, refuse to give "an aggravated assault instruction." *Id.* at 634.

{¶13} If the evidence shows that the defendant was sufficiently provoked under the objective standard, the inquiry then shifts to whether the defendant actually was under the influence of sudden passion or a sudden fit of rage. *Bailey, supra*, at 26. *Elliott, supra*, at 25. *State v. Thornton,* 2nd Dist. Montgomery No. Civ.A. 20652, 2005-Ohio-3744, ¶51.  When a court determines whether the defendant actually was under the influence of sudden passion or a sudden fit of rage, the court must consider the defendant's emotional and mental state at the time of the incident. *Id.*

{¶14} We begin by determining whether the victim's provocation here was reasonably sufficient to bring on a sudden passion or fit of rage. Appellant argues it is quite clear that the aggravated assault instruction was warranted because Appellant was provoked, by his own uncle, to such a degree that would arouse the passion and anger of a normal man or woman beyond their control. Appellant argues the evidence shows that he was at his grandmother's residence when his uncle barged in making abhorrent accusations of taking advantage of an elderly person, and causing a long argument which continued outside and culminated in Appellant's driving erratically at a high rate of speed.

{¶15} The only testimony as to the particulars of the dispute between Appellant and his uncle came from the victim himself. Randall Bell, 52, testified he resides approximately 100 yards from his mother's residence. Bell's mother has dementia, doesn't get around well, and lives alone. Bell checks on her frequently to see to her needs.

{¶16} Bell testified on February 18, 2015 he went to her house to remove 6-8 inches of snow which had accumulated in her driveway the night before. When he arrived, Appellant was there. After plowing the driveway with his tractor, Bell went inside and asked Appellant to move his vehicle so Bell could finish plowing the driveway.

{¶17} When Bell finished, he again went inside. Appellant was at the dining room table using a computer. Bell went to his mother, in the kitchen, and asked her "So how much money is Jason getting from you today?" Bell testified his mother said "None. He hasn't asked for anything today." Bell testified Appellant then spoke up and said "I'm not here for money." Bell replied "Well, I don't believe it because you always ask for money every time you come down here." Bell testified an argument inside the house lasted for 15-20 minutes. At one point, Appellant picked up a piece of wood, raised it over his head, and lunged toward Bell.

{¶18} Bell testified although he was close to the front door, he did not leave because Appellant had "done stuff like that before." Bell testified his mother yelled at Appellant and told him to put the wood down and stop. The men continued to argue. Bell picked up his mother's trash and started out the door. Bell testified he was almost to the trash cans at the end of the driveway, approximately 100 feet away, when Appellant also came out the door. Bell put the trash in the cans and replaced the lids when Appellant came down the driveway in his vehicle and stopped. Bell testified he and Appellant argued again. Bell testified Appellant told him that once he got his income back, he was going to pay back his grandmother the money he owed her. Appellant further stated he was

"going to come and see me [Bell]." Bell replied "Well if you've got something to say, I'm here. Now say it to me now."

{¶19} Bell testified at this point, Appellant got out of his vehicle and got in Bell's face and told Bell to hit him. Bell stated "I told him, I said 'Jason I've never wanted to hit you, I've never threatened you, all I want you to do is just leave my mother alone and quit taking advantage of her.' " Bell denied swinging at Appellant. Bell denied threatening Appellant. Bell testified he asked Appellant to leave and not come back.

{¶20} Bell next testified that Appellant got back in his SUV, backed up the driveway at a high rate of speed, and drove erratically. Appellant got out of the vehicle and gave Bell's mother, who was standing on the front deck, a piece of paper (which Bell assumed to be mail). Bell began walking up the driveway to get his riding tractor and go home. About halfway up the driveway, due to Appellant's erratic driving, Bell walked into the yard and waited for Appellant to leave. He testified he was afraid that, due to the snow, he would slip on the driveway or Appellant might accidentally run into him. Bell was approximately 15-20 feet into the yard. Bell testified Appellant was the only person inside the SUV.

{¶21} As Bell stood in the yard, he was facing the house and facing Appellant's vehicle when Appellant drove straight at him. As Appellant's SUV

got closer, Bell testified he thought Appellant would stop, but he didn't.[2]

Appellant appeared to be accelerating and gaining speed. Bell testified Appellant

physically drove his vehicle over the top of him. Bell was struck by the front grill

area of the vehicle. Bell testified he rolled or tumbled through the yard and landed

on his back. Bell could see Appellant starting to back up and he thought Appellant

was going to "finish me off and kill me." However, Appellant stopped

approximately 15 feet away from Bell, appeared to "rev up" his engine, and drove

through the yard and away from the scene.

{¶22} Bell testified he did not attempt to move. His left shoulder, ribs, and

left side hurt. He screamed at his mother to call 911. Bell was eventually

transported to Adena Medical Center in Chillicothe and Lifeflighted to Grant

Hospital in Columbus. The accident happened about 4:30 p.m. and Bell was

released from Grant the following day around 3:00 a.m. Bell testified he had

bruised ribs and a shoulder injury which required surgery as a result of being

struck by Appellant's vehicle.

{¶23} Appellant did not present evidence. In closing, defense counsel

emphasized that Bell confronted Appellant and started their argument by accusing

Appellant of taking advantage of his grandmother by frequently borrowing money

without every repaying her. Counsel pointed out even after Appellant supposedly

---

[2] Bell testified the two had a prior altercation in November when Appellant got in his car to leave, and swerved as if he was trying to hit Bell.

picked up a piece of wood and threatened Bell, Bell did not leave. Counsel was critical of Bell's decision to walk out into the yard instead of leaving or even hiding behind trees in the yard, and concluded that Bell brought himself to the danger.

{¶24} In *Bailey,* we discussed the Supreme Court's analysis in *State v. Deem.* In *Deem,* the court determined that the parties' stormy romantic relationship and the victim's alleged provocation was not reasonably sufficient to bring on a sudden passion or fit of rage, and thus, an aggravated assault instruction was not warranted. In *Deem,* the defendant and the victim had been involved in a romantic relationship and the couple subsequently ended their relationship. After a brief attempt to reconcile, each filed criminal charges against the other stemming from different confrontations. One day, the defendant waited in his car at a roadside park for the victim to pass by in her car on her way to work. After she drove by, the defendant followed her in his car, pulled alongside her, and motioned for her to pull to the road side. At some point, the cars bumped and eventually the defendant forced the victim's car off the road and into a ditch. The defendant stopped his car and went to the victim's car to attempt to convince her to open her window. When she refused, the defendant returned to his car, obtained a hammer, returned to the victim's car and smashed the driver's side window. Witness testimony established that the defendant reached through the broken window and

stabbed the victim numerous times.  The court concluded, as a matter of law, that the stormy relationship between the parties and the victim's alleged bumping of the defendant's car did not constitute sufficient provocation.  Subsequent cases have held that a victim's simple pushing or punching does not constitute sufficient provocation to warrant an aggravated assault instruction. *Bailey, supra,* at 29.[3]

**{¶25}** In *Bailey,* we concluded that the record did not contain sufficient evidence of serious provocation such that the trial court plainly erred by failing to give the jury an aggravated assault instruction.  We held defending one's person from injury is not, as a matter of law, sufficient evidence of serious provocation. *See Pack; Koballa; Poe.*  Furthermore, we observed there was no evidence that the victim's conduct actually threw Bailey into a sudden fit of passion or rage. *Id.* at 31.[4]

---

[3] *State v. Howard,* 9th Dist. Summit No. 26897, 2014-Ohio-1334, ¶ 25 (concluding that "being grabbed on the arm and experiencing a cut in the process would not arouse the passions of an ordinary man beyond the power of his control such that he would be aroused to use deadly force"); *State v. Evans,* 4th Dist. Scioto No. 05CA3002, 2006-Ohio-2564, ¶ 64 (stating that "[a]s a matter of law, hitting another person does not constitute sufficient provocation to bring about a sudden passion or fit of rage"); *State v. Bryan,* 4th Dist. Gallia No. 03CA3, 2004-Ohio-2066 (concluding that victim grabbing defendant and attempting to hit him is not, as a matter of law, serous provocation); *State v. Parker*, 4th Dist. Washington No. 03CA43, 2004-Ohio-1739, ¶ 23 (stating that victim throwing plate of spaghetti on defendant did not constitute serious provocation so as to warrant aggravated assault instruction); *State v. Koballa,* Cuyahoga App. No. 82013, 2003-Ohio-3535 (concluding that sufficient provocation did not exist when the victim grabbed the defendant by the testicles and the arm); *State v. Poe,* Pike App.  No. 00CA9 (Oct. 6, 2000) (concluding that the victim's conduct in approaching the defendant with a hammer and stating "come on" did not constitute sufficient provocation); *State v. Pack* (June 20, 1994), Pike App. No. 93CA525 ("We find that a mere shove and a swing (which appellant by his own testimony ducked) are insufficient as a matter of law to constitute serious provocation reasonably sufficient to incite or arouse appellant into using deadly force.").

[4] *State v. Hamilton,* 4th Dist. Scioto No. 09CA3330, 2011-Ohio-2783, ¶ 76 (determining that aggravated assault instruction not warranted when defendant claimed that he acted in self-defense and not under the influence of sudden passion or in a sudden fit of rage); *State v. Ratcliff,* Franklin App. No. 01AP-1349, 2002-Ohio-3727 (concluding that evidence the defendant was scared and the victim lunged at the defendant with a knife did not show that the defendant acted under a sudden fit of passion or rage); *State v. Johnson,* Cuyahoga App. No. 78327 (July 12, 2001) (stating that the evidence failed to show that the defendant acted under a sudden fit of passion or rage when the defendant claimed that he struck the victim in response to the victim's pushes); *State v. Maggard,* Montgomery

{¶26} Appellee, State of Ohio, contends that nothing Bell did could be construed as sufficient provocation to incite Appellant into using deadly force and points out that Appellant was the aggressor at all times. We agree. While Bell made the initial comments which started the argument, Appellant picked up the firewood and wielded it at Bell in a threatening manner. Appellant followed Bell outside, taunted him about "coming to see him," and baited Bell about hitting him. Appellant, in his SUV, further pursued Bell and struck him.

{¶27} The State further points out, and we agree, that the record does not support a conclusion that Appellant was actually under a sudden fit of rage. While the argument inside the house lasted 15-20 minutes, there was a "cooling-off" period when Bell went outside, down the driveway approximately 100 yards, and away from Appellant. Appellant chose to follow Bell to the end of the driveway and initiated another verbal altercation.

{¶28} There is no evidence in the record to refute Bell's version of the events, and the jury apparently found Bell to be a credible witness. As to both prongs of the analysis set forth in *State v. Mack,* we find the alleged provocation in the case sub judice was not reasonably sufficient to bring on a sudden passion or fit of rage. Furthermore, we find Appellant was not actually under the influence of

App. No. 17198 (June 4, 1999) (concluding that evidence did not show that the defendant acted under a sudden fit of passion or rage when the defendant's testimony was simply that he was afraid and that he shot in self-defense). More recently, the appellate court held in *State v. Roy,* 10th Dist. Franklin No. 14AP986, 2015-Ohio-4959, that "flicking" a lit cigarette in some one's face was also insufficient provocation to prompt a reasonable person to use deadly force.

sudden passion or rage.  Accordingly, we find no plain error occurred when the trial court did not issue an aggravated assault instruction to the jury.  The evidence in this matter does not support the instruction.  Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

STANDARD OF REVIEW

{¶29} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. *Bailey, supra,* at 42.  The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *McMann v. Richardson,* 397 U.S. 759, 770, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *State v. Creech,* 188 Ohio App.3d 513, 2010-Ohio-2553, 936 N.E.2d 79, ¶ 39 (4th Dist.).  To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial. *Bailey, supra,* at 43, citing *Strickland,* 466 U.S. at 687; *State v. Powell,* 132 Ohio St.3d 233, 2012-Ohio-2577, 971 N.E.2d 865, ¶ 85.

**{¶30}** "In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation.  To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Bailey, supra*, quoting *State v. Conway,* 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95 (citations omitted); *accord State v. Wesson,* 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶ 81.  "Failure to establish either element is fatal to the claim." *Bailey, supra,* quoting *State v. Jones,* 4th Dist. Scioto No. 06CA3116, 2008-Ohio-968, ¶ 14.  Therefore, if one element is dispositive, a court need not analyze both. *State v. Madrigal,* 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the elements "negates a court's need to consider the other").

## LEGAL ANALYSIS

"II. APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF
COUNSEL TO A DEGREE THAT APPELLANT DID NOT
RECEIVE A FAIR TRIAL."

**{¶31}** When considering whether trial counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Bailey, supra*, at 44, quoting *Strickland,* 466 U.S. at 689.  Thus, "the defendant must overcome the presumption that, under the circumstances, the challenged action

might be considered sound trial strategy." *Id.* "A properly licensed attorney is presumed to execute his duties in an ethical and competent manner." *Bailey, supra,* quoting *State v. Taylor,* 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 62; *State v. Hamblin,* 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

{¶32} In *Bailey,* we recognized that the failure to request a jury instruction on aggravated assault as an inferior degree to felonious assault is presumed to be a matter of trial strategy. *Id.* at 46. *See State v. Cottrell,* 4th Dist. Ross No. 11CA3241 and Ross No. 11CA3242, 2012-Ohio-4583, ¶ 21; *State v. Hendricks,* 4th Dist. Ross No. 11CA3253, 2012-Ohio-1924. *See also State v. Kelly*, 8th Dist. Cuyahoga No. 102413, 2015-Ohio-5272, ¶ 33. Similar to the evidence in *Bailey*, and as set forth in our resolution of Appellant's first assignment of error, the evidence in Appellant's case does not support an aggravated assault instruction. Thus, even if trial counsel performed deficiently by failing to request an aggravated assault jury instruction, the trial court would not have been obligated to give one. Consequently, appellant cannot show that the result of the proceeding

would have been different if trial counsel had requested an aggravated assault jury instruction.

{¶33}  For the foregoing reasons, we find no merit to Appellant's second assignment of error.  As such, we overrule it and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

Harsha, J., concurring:

{¶34} I concur in the judgment and opinion with two reservations. The first concerns the standard of review we use for deciding whether a trial court erred in giving or refusing to give a jury instruction. I acknowledge there are cases cited by the principal opinion that indicate our standard of review is abuse of discretion. *See, e.g., Mack, Wolons, Mitts*, and cases cited above.

{¶35} However, in *Murphy v. Carrollton, supra*, the Supreme Court indicated that "an appellate court should determine whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." *Id.* at 591. This sounds like de novo review when read in conjunction with the following preceding language:

> It is well established that the trial court will not instruct the jury where there is no evidence to support an issue. * * * However, the corollary of this maxim is also true. "Ordinarily requested instructions should be given if they are correct statements of the law applicable to the facts in the case and reasonable minds might reach the conclusion sought by the instruction." Markus & Palmer, Trial Handbook for Ohio Lawyers (3 Ed.1991) 860, Section 36:2.

{¶36} Thus I have previously taken the position that we review the question of whether an instruction was warranted on a de novo basis, i.e., as a matter of law. *See State v. Reyes-Rosales*, 4th Dist. Adams No. 15CA1010, 2016-Ohio-3338, ¶ 30, quoting Wolff, Brogan, and McSherry, Anderson's Appellate Practice and Procedure in Ohio, Section 6.02[8][b], fn.47 (2015 Ed.), citing *State v. Morris*, 132

Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 21 (" 'de novo review applies to whether jury instructions correctly state the law' ").  Until the Supreme Court of Ohio clarifies this apparent inconsistency in their precedent, I continue to apply *Murphy* and its progeny, including *Morris*, to decide whether an instruction is appropriate, but will afford the trial court discretion in the wording of it.

{¶37} The second concern involves the second assignment of error, when the principal opinion engages in an assumption arguendo that counsel's performance was deficient.  Having found in the first assignment of error that an instruction was not warranted, I would simply declare counsel was not deficient in requesting one that was unwarranted.  There is no duty for counsel to perform a futile request.  *See State v. Bankston*, 8th Dist. Cuyahoga No. 92777, 2010-Ohio-1576, ¶ 63 (a trial attorney does not violate any substantial duty in failing to make futile requests or objections).

{¶38} Otherwise, I concur in judgment and opinion.

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, J.:  Concurs in Judgment and Opinion as to Assignment of Error II;
                      Concurs in Judgment Only as to Assignment of Error I.
Harsha, J.:  Concurs with Concurring Opinion.

For the Court,


BY:  _____
       Matthew W. McFarland, Judge

### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**