OPINION
{¶ 1} Defendant-appellant Darrell Washington appeals his conviction and sentence in the Stark County Court of Common Pleas on one count of possession of cocaine. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The following evidence was adduced at trial: On November 10, 2004, appellant was a passenger in a vehicle operated by Michele McGrew. Patrol Officers Overdorf and Diels of the Canton Police Department stopped McGrew's vehicle due to lack of illumination of the rear license plate. The stop occurred in a high-crime, drug-ridden area.
 {¶ 3} Michele McGrew testified at trial, as soon as the patrol lights were activated, she witnessed appellant open her glove box and throw something in.
 {¶ 4} After being stopped, McGrew presented an expired driver's license, and was told to step out of the vehicle. Officer Diels requested identification from appellant, and noticed an open can of beer on the floor in front of him. The officer asked appellant to step out of the vehicle, and patted him down.
 {¶ 5} The officers cited McGrew for operating a motor vehicle without an operator's license, and appellant for possessing an open container in a motor vehicle. Due to McGrew's not having a valid license, the officers impounded the vehicle, and completed an inventory search. During the inventory search, Officer Diels discovered a plastic baggie containing suspected crack cocaine in the vehicle's glove compartment. However, Diels put the cocaine back into the glove compartment in order for a K-9 unit to perform a sweep of the vehicle.
 {¶ 6} Officer Lester Marino testified at trial he arrived at the scene with his K-9 partner "Boot." Marino performed a narcotics sweep of the vehicle by walking Boot down each side of the vehicle to see whether Boot "indicated" on the car by aggressively scratching and "check breathing" at the source of an odor of narcotics. Boot did not indicate on the exterior of the vehicle. Inside the vehicle, Boot alerted aggressively on the passenger front seat and the glove compartment door. Boot did not alert on the driver's seat or the back seat of the vehicle.
 {¶ 7} McGrew told the officers the cocaine was not hers, and it belonged to Washington.
 {¶ 8} The Stark County Crime Lab determined the suspected substance to be 8.51 grams of crack cocaine.
 {¶ 9} Appellant was indicted on one count of possession of cocaine, a violation of R.C. 2925.11(A)(C)(4)(C), a felony of the third degree. Following a jury trial, appellant was found guilty and sentenced to two years in prison and his driver's license suspended for a period of six months.
 {¶ 10} Appellant now appeals, assigning as error:
 {¶ 11} "I. THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 12} "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."
 I {¶ 13} Appellant's first assignment of error maintains his conviction was against the manifest weight of the evidence. Specifically, appellant argues possession cannot be inferred from mere access to the contraband drugs, and the only other evidence against the appellant was the testimony of Michele McGrew, a non-credible witness.
 {¶ 14} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 15} Upon our review of the record, we find the jury could have reasonably concluded appellant possessed the crack cocaine found in the glove compartment based upon the evidence noted supra. It is well-settled the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. The record does not demonstrate the jury clearly lost its way nor created a manifest miscarriage of justice.
 {¶ 16} Accordingly, appellant's first assignment of error is overruled.
 II {¶ 17} In the second assignment of error, appellant asserts his trial counsel was ineffective for failing to move the trial court for acquittal pursuant to Criminal Rule 29(A).
 {¶ 18} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 19} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,
supra at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, there is a strong presumption that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 20} In order to warrant a reversal, appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter
(1995), 72 Ohio St.3d 545, 558 (citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370, 113 S.Ct. 838, 122 L.Ed.2d 180). Further, both the United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley, supra at 143 (quoting Strickland,
supra. at 697).
 {¶ 21} An attorney is not ineffective for failing to raise an objection which would have been denied. State v. Gibson (1980),69 Ohio App.2d 91, 95. Upon review of the record and consistent with our disposition of appellant's first assignment of error, we do not find appellant's counsel's performance deficient for failing to move the trial court for acquittal because the evidence noted supra, when considered in a light most favorable to the appellee would most likely have resulted in the motion being overruled.
 {¶ 22} Appellant's second assignment of error is overruled.
 {¶ 23} Appellant's conviction and sentence in the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's conviction and sentence in the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.