OPINION
{¶ 1} Defendant-appellant, Charles Young, appeals from his conviction on two charges of felonious assault and resulting sentences of incarceration. He assigns two errors for our consideration:
 [I.] PLAIN ERROR OCCURS WHEN THE TRIAL COURT RELIES ON MISTAKEN AND/OR UNPROVEN FACTS AND AN UNCL[E]AR CRIMINAL HISTORY — ALL OF WHICH SERVED AS A BASIS FOR A 14 YEAR SENTENCE, CONTRA DEFENDANT'S DUE PROCESS RIGHTS UNDER THE OHIO AND FEDERAL CONSTITUTION. *Page 2 
 [II] DEFENDANT WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL CONTRA HIS RIGHTS UNDER THE OHIO AND US CONSTITUTIONS.
 {¶ 2} When sentencing appellant, the trial judge explained the length and severity of the sentence. Appellant was sentenced to two consecutive terms of incarceration of seven years each. One of the victims of the stabbing or slashing testified that he was in a coma for three days and that he lost his spleen as a result of his injuries. The other victim had surgery and a resulting scar, but was hospitalized for less than 24 hours.
 {¶ 3} The testimony presented at trial indicates that appellant was beating his girlfriend on the front porch of a residence when two of the people living at the residence were awakened and intervened to stop the beating. A fight erupted and appellant stabbed both of the people helping his girlfriend, resulting in significant injuries.
 {¶ 4} The trial judge explained at the time of sentencing a variety of factors which affected his decision to give a 14 year sentence of incarceration. The judge felt he recalled the details of the crime from the jury trial which was conducted. The judge mentioned that Charles Young was middle aged, not a teenager. Young had been convicted of aggravated robbery 25 years earlier for robbing someone at knife point. Three years later he was convicted of attempted robbery, resulting in a sentence of two-to-ten years and a second incarceration in prison. He was sentenced to prison a third time for a series of theft-related crimes. The trial judge commented that Young had been charged with domestic violence a number of times and that Young had stabbed two unarmed individuals in the case at hand.
 {¶ 5} One of the prosecuting attorneys who tried the case commented, without objection, that the female victim had to have surgery on her left hand, had to have *Page 3 
exploratory surgery and had stitches. The male victim was in a coma for three days, had a ruptured lung and spleen, had his spleen removed and was in the hospital for ten days.
 {¶ 6} Young addressed the court personally and did not contest any of the facts mentioned by the judge or the assistant prosecuting attorney. Young knew he was going to prison again and merely asked that the judge not give him a "long" sentence.
 {¶ 7} The judge indicated that he had given the sentence serious thought. He viewed Young as a violent person who needed to be confined to make the streets safe. The judge recited the facts leading up to the knife wounds accurately. He felt consecutive sentences were appropriate because there were two distinct victims, each of whom had suffered serious bodily harm. The judge felt either one could have died.
 {¶ 8} The judge recited some facts which were inaccurate. He stated that both were in the hospital for an extended stay, when only one of the two was held for an extended time. The judge recalled the length of the coma inaccurately. The judge may have been confused as to whether or not the victim who was in the coma was the same person who lost a spleen.
 {¶ 9} We cannot say that the trial court's inaccurate or arguably inaccurate understanding of whether the second victim lost her spleen had any impact on the sentence. The judge seemed most impressed by the facts that the victims were innocent people who appropriately responded to a violent attack on their front porch. The judge was also very affected by Young's lengthy record of violent criminal offenses.
 {¶ 10} Since no one pointed out the inaccuracies on the factual issues, we are governed by a plain error standard. Plain error may be noticed even though the error was not brought to the attention of the court. See Crim. R. 52(B). The error must affect *Page 4 
substantial rights. We cannot say the trial judge's mistake about the length of one victim's hospital stay and possible misunderstanding about who lost a spleen had an effect on the sentence given. Therefore, we cannot say plain error occurred.
 {¶ 11} The first assignment of error is overruled.
 {¶ 12} In the second assignment of error, appellate counsel asserts that appellant received ineffective assistance of counsel at the trial level. The constitutional standard for determining the effectiveness of trial counsel is set fourth in Strickland v. Washington (1984),466 U.S. 668. In the Strickland case, the Supreme Court of the United States held that the Sixth Amendment to the Constitution of the United States requires effective assistance of counsel. The benchmark for judging a claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Applying that standard, appellant did not receive ineffective assistance of counsel.
 {¶ 13} Appellate counsel argues three issues on this topic. First, appellate counsel asserts that trial counsel should have requested a jury charge on the topic of aggravated assault. Aggravated assault is defined in R.C. 2903.12 as follows:
 (A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 (1) Cause serious physical harm to another or to another's unborn;
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code. *Page 5 
 (B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree. If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, aggravated assault is a felony of the third degree. If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, and if the victim suffered serious physical harm as a result of the commission of the offense, aggravated assault is a felony of the third degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree.
 (C) As used in this section:
 (1) "Investigator of the bureau of criminal identification and investigation" has the same meaning as in section 2903.11 of the Revised Code.
 (2) "Peace officer" has the same meaning as in section 2935.01 of the Revised Code.
 {¶ 14} The facts do not support a jury charge on aggravated assault for at least two reasons. First, appellant claimed he acted out of fear, not a sudden passion or rage. Second, the victims did not provoke the knife wounds he inflicted. If anyone was the provocateur, it was appellant. Second, the intervention of two unarmed individuals who were trying to stop appellant from continuing to beat his girlfriend was not a provocation reasonably sufficient to incite the use of deadly force.
 {¶ 15} Counsel was not ineffective for failing to request a jury charge on a legal theory which did not apply.
 {¶ 16} The second theory for an allegation of ineffectiveness is the claim that trial counsel should have submitted the medical records of the victims to show that they were not as injured as they claimed. We cannot view these medical records, since they are not in the record on this appeal. However, appellant admitted that he knowingly did physical *Page 6 
harm to the victims with a deadly weapon. He admitted that he was guilty of the elements of felonious assault, in violation of R.C. 2903.11, but argued that the affirmative defense of self-defense should cause him to be acquitted. The length of the hospital stay of the victims and the severity of the injuries caused by the knife wounds inflicted by appellant are irrelevant to appellant's guilt or innocence and cannot serve as a basis for a finding of ineffective assistance.
 {¶ 17} Appellate counsel also asserts that trial counsel should have objected when, at sentencing, the trial judge noticed that appellant had been acquitted of a murder charge previously and that appellant had been charged with domestic violence on a number of occasions, only to be permitted to plead guilty to lesser charges. Nothing about these observations by the trial judge indicate that they had any effect on the sentence given. Appellant was clearly engaging in domestic violence on the evening he slashed and stabbed his victims. The sentence handed out was clearly appropriate for a man who had three prior prison incarcerations and engaged in a series of violent attacks on the night of the knife wounds.
 {¶ 18} Again, nothing in the record before us indicates that appellant received ineffective assistance from trial counsel.
 {¶ 19} The second assignment of error is overruled.
 {¶ 20} Both assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 PETREE and SADLER, JJ., concur. *Page 1