[Cite as *State v. Moore*, 2016-Ohio-8274.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | Case No. 15CA3717 |
| vs. | : | |
| JOHN MOORE, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and Valerie Kunze, Assistant Public Defender, Columbus, Ohio, for appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Joe Hale, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

CRIMINAL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 12-8-16
ABELE, J.

{¶ 1}   This is an appeal from a Scioto County Common Pleas Court judgment of conviction and sentence.  A jury found John Moore, defendant below and appellant herein, guilty of felonious assault, in violation of R.C. 2903.11(A)(1).  Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT VIOLATED JOHN MOORE'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT FAILED TO GIVE THE JURY AN INSTRUCTION AS TO THE INFERIOR-DEGREE OFFENSE OF AGGRAVATED ASSAULT."

SECOND ASSIGNMENT OF ERROR:

"TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION."

{¶ 2} The present case arises out of a confrontation between appellant, an inmate at Southern Ohio Correctional Facility (SOCF), and SOCF Officer Jeremy Conkel. On April 10, 2014, appellant returned to his cell and discovered that it had been searched. Appellant believed that Officer Conkel unjustifiably ransacked appellant's cell and left it in shambles. Appellant walked from his cell, down the stairs, and across the hallway to ask Officer Conkel about the search. The encounter turned violent, and Officer Conkel suffered a broken ankle and other injuries.

{¶ 3} On May 1, 2014, a Scioto County grand jury returned an indictment that charged appellant with (1) attempted murder, in violation of R.C. 2923.02(A), and (2) felonious assault, in violation of R.C. 2903.11(A)(1). Appellant entered not guilty pleas.

{¶ 4} On June 1 through June 3, 2015, the trial court held a jury trial. At the trial, Officer Conkel explained that on April 10, 2014 he randomly searched appellant's prison cell during appellant's absence. The officer stated that when appellant returned and found that his cell had been searched, appellant confronted Officer Conkel and asked the officer why he searched appellant's cell. Officer Conkel testified that appellant became aggressive during the encounter. Officer Conkel indicated that when the confrontation escalated, he pulled out his mace and directed appellant to "get on the wall." Appellant, however, turned toward the officer and stated, "I'm not getting on the f-ing wall." Officer Conkel explained that appellant started hitting him, and Officer Conkel fell to the floor. The officer testified that once appellant had taken him to the floor, appellant started choking him. Officer Conkel stated that he blacked-out and did not recall any

further events until a sergeant helped him to a gurney.

{¶ 5} SOCF corrections officer Matt Patrick related that he received an alert that an officer was down and, less than a minute later, he reached the scene of the altercation. Officer Patrick testified that as he approached, he saw appellant holding down Officer Conkel and with his hand around the officer's throat. Officer Patrick stated that appellant initially refused orders to release Officer Conkel.

{¶ 6} SOCF corrections officer Luke Vansicle testified that when he arrived on the scene behind Officer Patrick, he saw appellant standing over Officer Conkel, "throwing punches down at him while Officer Conkel was laying on the floor."

{¶ 7} SOCF sergeant Shannon Bear stated that he arrived on the scene behind the gurney, as appellant was being escorted up the stairs. Sergeant Bear testified that appellant "was aggressive and cussing and threatening towards the staff." The sergeant further related that appellant "lunged" toward the sergeant, called the staff "bitches," and stated that "he was going to kill us."

{¶ 8} SOCF corrections lieutenant Gary Lee Daniel stated that he interviewed appellant after the altercation. Appellant informed the lieutenant that "the CO tore up my cell. I went to my cell and seen it had been shook down. I went to the CO and asked him why he tore up my cell. He sprayed me and I lost it."

{¶ 9} On June 3, 2015, after hearing the evidence adduced at trial, the jury found appellant guilty of felonious assault. However, the jury was unable to reach a verdict regarding the first count of the indictment, attempted murder. The state subsequently dismissed the attempted murder count.

{¶ 10} On October 6, 2015, the trial court sentenced appellant to serve seven years in prison for the felonious assault conviction.   This appeal followed.

I

AGGRAVATED ASSAULT JURY INSTRUCTION

{¶ 11} In his first assignment of error, appellant asserts that the trial court plainly erred by failing to give the jury an aggravated assault instruction.   Appellant contends that he presented sufficient evidence of serious provocation to warrant an aggravated assault instruction.   Appellant claims that he became seriously provoked due to the chain of events that began when he found his cell in shambles after Officer Conkel searched it, and ended when Officer Conkel sprayed mace in appellant's face.   Appellant argues that after Officer Conkel sprayed the mace, appellant "lost it." Appellant alleges that the "stress of the situation propelled [him] into a fit of rage."

{¶ 12} Initially, we observe that before the jury retired to consider its verdict, appellant did not request the trial court to give the jury an aggravated assault instruction.[1]   Crim.R. 30(A) explains:   "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection."   Thus, a defendant's failure to request a particular instruction forfeits all but plain error.   *State v. White,* 142 Ohio St.3d 277, 2015–Ohio–492, 29 N.E.3d 939, ¶57, citing *State v. Davis,* 127 Ohio St.3d 268, 2010–Ohio–5706, 939 N.E.2d 147, ¶24; *State v. Steele,* 138 Ohio St.3d 1, 2013–Ohio–2470, 3 N.E.2d 135, ¶¶29–30; *State v. Eafford,* 132 Ohio St.3d 159, 2012–Ohio–2224, 970 N.E.2d 891, ¶11; *State v. Bundy,*

---

[1] We point out that appellant filed a pretrial motion that requested the trial court to give the jury an aggravated assault instruction.   The trial court, however, overruled it as moot.   Appellant did not renew the motion during trial.

2012–Ohio–3934, 974 N.E.2d 139, ¶65 (4th Dist.).  Plain error exists when the error is plain or obvious and when the error "affect[s] substantial rights."  Crim.R. 52(B).  The error affects substantial rights when but for the error, the outcome of the proceeding would have been different. *White* at ¶57.  Courts ordinarily should take notice of plain error "with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice."  *State v. Gardner,* 118 Ohio St .3d 420, 2008–Ohio–2787, 889 N.E.2d 995, ¶78.  In the case sub judice, we do not believe that the court plainly erred by failing to give the jury an aggravated assault instruction.

{¶ 13} Generally, a trial court has broad discretion to decide how to fashion jury instructions.  A trial court must not, however, fail to "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder."  *E.g., State v. Comen,* 50 Ohio St.3d 206, 553 N.E.2d 640 (1990), paragraph two of the syllabus.  Additionally, a trial court may not omit a requested instruction, if such instruction is "'a correct, pertinent statement of the law and [is] appropriate to the facts * * *.'" *State v. Lessin,* 67 Ohio St.3d 487, 493, 620 N.E.2d 72 (1993), quoting *State v. Nelson,* 36 Ohio St.2d 79, 303 N.E.2d 865, paragraph one of the syllabus (1973).  Moreover, a criminal defendant is entitled to an inferior-degree-offense instruction "when the evidence presented at trial would reasonably support both an acquittal on the charged [offense] and a conviction for [the inferior-degree offense]."  *State v. Shane*, 63 Ohio St.3d 630, 632, 590 N.E.2d 272 (1992).  "'An offense is an "inferior degree" of the indicted offense where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements.'" *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶73, quoting *State v. Deem*,

40 Ohio St.3d 205, 533 N.E.2d 294 (1988), paragraph two of the syllabus.

{¶ 14} In the case at bar, appellant contends that aggravated assault is an inferior degree offense of felonious assault, the indicted offense. Appellant further asserts that the evidence presented at trial reasonably supports both an acquittal on felonious assault and a conviction for aggravated assault. Appellant thus argues that the trial court was required to give the jury an aggravated assault instruction.

{¶ 15} In the case sub judice, the indictment charged appellant with felonious assault under R.C. 2903.11(A)(1), which states: "No person shall knowingly do either of the following: (1) Cause serious physical harm to another * * *." The aggravated assault statute, R.C. 2903.12(A), provides:

> No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
> (1) Cause serious physical harm to another * * *.

{¶ 16} Aggravated assault is an inferior degree of felonious assault. *State v. Deem,* 40 Ohio St.3d 205, 210–211, 533 N.E.2d 294, 299 (1988). The two offenses are identical, except aggravated assault contains serious provocation as a mitigating factor. *Id.* Thus, in a trial for felonious assault, a trial court must give the jury an aggravated assault instruction if the defendant presents sufficient evidence of serious provocation such that a jury could both reasonably acquit the defendant of felonious assault and convict the defendant of aggravated assault. *State v. Mack,* 82 Ohio St.3d 198, 200, 694 N.E.2d 1328 (1998); *Deem,* 40 Ohio St.3d at 211; *Shane,* 63 Ohio St.3d at 632.

> Provocation, to be serious, must be reasonably sufficient to bring on extreme

stress and the provocation must be reasonably sufficient to incite or to arouse the defendant into using deadly force. In determining whether the provocation was reasonably sufficient to incite the defendant into using deadly force, the court must consider the emotional and mental state of the defendant and the conditions and circumstances that surrounded him at the time.

*Deem,* at paragraph five of the syllabus; *accord Mack*, 82 Ohio St.3d at 200.

{¶ 17} Determining whether sufficient evidence of serious provocation exists so as to warrant an aggravated assault instruction involves an objective and subjective inquiry. *Mack,* 82 Ohio St.3d at 201. A court must (1) objectively determine whether the alleged provocation is reasonably sufficient to bring on a sudden passion or fit of rage, and (2) determine whether the defendant in the particular case actually was under the influence of sudden passion or in a sudden fit of rage. *Id.*

{¶ 18} Under the objective part of the inquiry, provocation is reasonably sufficient to bring on a sudden passion or fit of rage if it would "arouse the passions of an ordinary person beyond the power of his or her control." *Shane,* 63 Ohio St.3d at 635. "If insufficient evidence of provocation is presented, so that no reasonable jury would decide that an actor was reasonably provoked by the victim, the trial judge must, as a matter of law, refuse to give" an aggravated assault instruction." *Id.* at 634.

{¶ 19} If the evidence shows that the defendant was sufficiently provoked under the objective standard, the inquiry then shifts to whether the defendant actually was under the influence of sudden passion or a sudden fit of rage. *Id.* at 634. When a court determines whether the defendant actually was under the influence of sudden passion or a sudden fit of rage, the court must consider the defendant's emotional and mental state at the time of the incident. *Id.*

{¶ 20} A defendant is not, however, entitled to an aggravated assault instruction simply

because "some evidence" shows that the defendant may have acted under serious provocation. *Id.* at 633. "To require an instruction * * * every time 'some evidence,' however minute, is presented going to [serious provocation] would mean that no trial judge could ever refuse to give" the jury an aggravated assault instruction as an inferior degree to felonious assault. *Id.* Instead, "the quality of the evidence offered * * * determines whether a[n aggravated assault] charge should be given to a jury." *State v. Wine,* 140 Ohio St.3d 409, 2014–Ohio–3948, 18 N.E.3d 1207, ¶26.

{¶ 21} A trial court has discretion to determine whether the record contains sufficient evidence to support an aggravated assault instruction. *State v. Bailey*, 4th Dist. Ross Nos. 3427 and 3428, 2015-Ohio-2144, 2015 WL 3539615, ¶23*; State v. McFadden,* 4th Dist. Washington No. 14CA5, 2014–Ohio–5294, 2014-Ohio-6680689, ¶6; *State v. Mitts,* 81 Ohio St.3d 223, 228, 690 N.E.2d 522 (1998); *see Wine* at ¶21 (explaining that "[t]he law, the evidence presented, and the discretion of the trial judge play a role in whether lesser-included-offense instructions are appropriate"). Thus, we will not reverse that determination absent an abuse of discretion. An abuse of discretion implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *E.g., State v. Keenan*, 143 Ohio St.3d 397, 2015-Ohio-2484, 38 N.E.3d 870, ¶7, citing *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 22} In the case at bar, after our review of the evidence we do not believe that the record contains sufficient evidence of serious provocation such that the trial court plainly erred by failing to give the jury an aggravated assault instruction. The evidence presented at trial does not show that any provocation Officer Conkel caused was reasonably sufficient to incite or to arouse appellant into using deadly force. *Deem, supra.* In an attempt to contain an escalating situation with a prison inmate, Officer Conkel sprayed appellant with mace. Even if Officer Conkel's

conduct of spraying appellant in the face with mace actually provoked appellant, we do not believe that the officer's conduct would "arouse the passions of an ordinary person beyond the power of his or her control." Instead, we believe that spraying an individual in the face with mace is arguably similar to a push or a punch. Neither a push nor a punch constitutes sufficient provocation to warrant an aggravated assault instruction. See *State v. Howard,* 9th Dist. Summit No. 26897, 2014–Ohio–1334, ¶25 (concluding that "being grabbed on the arm and experiencing a cut in the process would not arouse the passions of an ordinary man beyond the power of his control such that he would be aroused to use deadly force"); *State v. Evans,* 4th Dist. Scioto No. 05CA3002, 2006–Ohio–2564, ¶64 (stating that "[a]s a matter of law, hitting another person does not constitute sufficient provocation to bring about a sudden passion or fit of rage"); *State v. Bryan,* 4th Dist. Gallia No. 03CA3, 2004–Ohio–2066 (concluding that victim grabbing defendant and attempting to hit him is not, as a matter of law, serious provocation); *State v. Parker,* 4th Dist. Washington No. 03CA43, 2004–Ohio–1739, ¶23 (stating that victim throwing plate of spaghetti on defendant did not constitute serious provocation so as to warrant aggravated assault instruction); *State v. Koballa,* 8th Dist. Cuyahoga No. 82013, 2003–Ohio–3535 (concluding that sufficient provocation did not exist when the victim grabbed the defendant by the testicles and the arm); *State v. Poe,* 4th Dist. Pike No. 00CA9 (Oct. 6, 2000) (concluding that the victim's conduct in approaching the defendant with a hammer and stating "come on" did not constitute sufficient provocation); *State v. Pack*, 4th Dist. Pike No. 93CA525 (June 20, 1994) ("We find that a mere shove and a swing (which appellant by his own testimony ducked) are insufficient as a matter of law to constitute serious provocation reasonably sufficient to incite or arouse appellant into using deadly force.").

{¶ 23} Additionally, we observe that courts have been unwilling to find that a defendant is entitled to an aggravated assault jury instruction when the defendant instigated the confrontation or was the initial aggressor during the encounter with the victim. In other words, an aggravated assault instruction ordinarily is inappropriate when the victim did not provoke or initiate the confrontation that led to the assault. *See State v. Dean*, 4th Dist. Ross No. 15CA3499, 2016-Ohio-5720, 2016 WL 4727842, ¶26 (concluding that trial court did not plainly err by failing to give aggravated assault instruction when evidence showed that defendant was the aggressor); *State v. Doby*, 12th Dist. Butler No. CA2013-05-084, 2014-Ohio-2471, 2014 WL 2568579, ¶¶23-24 (determining that trial court properly denied defendant's request for voluntary manslaughter instruction when defendant initiated confrontation with victim); *State v. Young*, 10th Dist. Franklin No. 07AP-707, 2008-Ohio-2277, 2008 WL 2025262, ¶14 (noting that "victims did not provoke the knife wounds [the defendant] inflicted. If anyone was the provocateur, it was [the defendant]); *State v. Torres*, 3rd Dist. Defiance No. 4-01-06, 2002-Ohio-1203, 2002 WL 418392, *4-5 (reviewing Ohio Supreme Court's decisions in *Deem*, *Shane*, and *Mack* and concluding that aggravated assault instruction inappropriate when "defendant brought the conflict to the victim" and when "defendant was the aggressor"); *State v. Kehoe*, 133 Ohio App.3d 591, 611, 729 N.E.2d 431 (12th Dist.1999) (determining that evidence insufficient as a matter of law to establish provocation when defendant "was the first person to pull out a weapon," "the first person to point his weapon at another," and "the first person to fire his weapon"); *State v. Herring*, 9th Dist. Summit No. 13996, 1989 WL 121082 (Oct. 11, 1989), *4 (concluding that defendant failed to demonstrate sufficient provocation when "alleged provocation is a response to [defendant]'s own actions"); *see generally State v. Stacker*, 6th Dist. Lucas No. L-88-008, 1988 WL 110284 (Oct. 21,

1988) (determining that the trial court reasonably rejected defendant's claim that a search of his prison cell seriously provoked him so as to show that he committed aggravated, instead of felonious, assault); *cf. State v. Conway*, 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶131 (citations omitted) (observing that the voluntary-manslaughter statute, by including the phrase "'occasioned by the victim,' * * * forecloses application of the statute to situations * * * where the provocation came from someone other than the person killed").

{¶ 24} In the case at bar, the evidence shows that appellant initiated the confrontation with Officer Conkel. Appellant approached the officer and aggressively demanded to know why the officer had searched appellant's cell. When appellant refused to comply with the officer's orders, the officer used mace to attempt to contain the situation. While the use of mace may have escalated appellant's aggressiveness, appellant already displayed aggressive behavior when he confronted Officer Conkel to question why appellant's cell had been searched. Appellant arrived to the confrontation already provoked. Appellant's failure to heed Officer Conkel's order provoked the sequence of events that culminated in appellant hitting and choking the officer.

{¶ 25} Additionally, we reject any assertion that the search of appellant's prison cell could constitute serious provocation. A reasonable person could not be seriously provoked into using deadly force upon learning that the person's prison cell had been searched, even if the search left the cell in shambles, as appellant claims.

{¶ 26} Furthermore, as we point out in our discussion of appellant's second assignment of error, appellant appears to have made a "tactical gambit" in order to obtain an acquittal on the felonious assault charge, rather than a conviction on an inferior-degree-offense. The Ohio Supreme Court has cautioned that defendants who make "'tactical gambits'" cannot "'then

successfully claim plain error upon appeal.'" *Wine* at ¶30, citing and quoting *State v. Clayton,* 62 Ohio St.2d 45, 47–48, 402 N.E.2d 1189 (1980).

{¶ 27} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

II

INEFFECTIVE ASSISTANCE OF COUNSEL

{¶ 28} In his second assignment of error, appellant argues that trial counsel did not provide the effective assistance of counsel as guaranteed in the United States and Ohio constitutions. In particular, appellant claims that trial counsel performed ineffectively by failing (1) to request an aggravated assault jury instruction, and (2) to object to the court costs imposed.

A

INEFFECTIVE ASSISTANCE OF COUNSEL STANDARD

{¶ 29} The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Hinton v. Alabama*, ––– U.S.––––, 134 S.Ct. 1081, 1087–1088, 188 L.Ed.2d 1 (2014) (explaining that the Sixth Amendment right to counsel means "that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence").

{¶ 30} To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance

prejudiced the defense and deprived the defendant of a fair trial.  *E.g., Strickland*, 466 U.S. at 687;

*State v. Obermiller*, ⸺ Ohio St.3d ⸺, 2016–Ohio–1594, ⸺ N.E.3d ⸺, ¶83; *State v. Powell*,

132 Ohio St.3d 233, 2012–Ohio–2577, 971 N.E.2d 865, ¶85.  "Failure to establish either element

is fatal to the claim."  *State v. Jones*, 4th Dist. Scioto No. 06CA3116, 2008–Ohio–968, ¶14.

Therefore, if one element is dispositive, a court need not analyze both.  *State v. Madrigal*, 87 Ohio

St.3d 378, 389, 721 N.E.2d 52 (2000) (stating that a defendant's failure to satisfy one of the

elements "negates a court's need to consider the other").

1

Deficient Performance

{¶ 31} The deficient performance part of an ineffectiveness claim "is necessarily linked to

the practice and expectations of the legal community: 'The proper measure of attorney performance

remains simply reasonableness under prevailing professional norms.'"  Padilla v. Kentucky, 559

U.S. 356, 366, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), quoting Strickland, 466 U.S. at 688;

*accord Hinton,* 134 S.Ct. at 1088.  "Prevailing professional norms dictate that with regard to

decisions pertaining to legal proceedings, 'a lawyer must have "full authority to manage the

conduct of the trial."'"  *Obermiller* at ¶85, quoting *State v. Pasqualone,* 121 Ohio St.3d 186,

2009–Ohio–315, 903 N.E.2d 270, ¶24, quoting *Taylor v. Illinois,* 484 U.S. 400, 418, 108 S.Ct.

646, 98 L.Ed.2d 798 (1988).  Furthermore, "'[i]n any case presenting an ineffectiveness claim,

"the performance inquiry must be whether counsel's assistance was reasonable considering all the

circumstances.'"  *Hinton,* 134 S.Ct. at 1088, quoting *Strickland,* 466 U.S. at 688.  Accordingly,

"[i]n order to show deficient performance, the defendant must prove that counsel's performance

fell below an objective level of reasonable representation."  *State v. Conway,* 109 Ohio St.3d 412,

2006–Ohio–2815, 848 N.E.2d 810, ¶95 (citations omitted); *accord Hinton,* 134 S.Ct. at 1088,

citing *Padilla,* 559 U.S. at 366; *State v. Wesson,* 137 Ohio St.3d 309, 2013–Ohio–4575, 999

N.E.2d 557, ¶81.

{¶ 32} Moreover, when considering whether trial counsel's representation amounts to

deficient performance, "a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Thus,

"the defendant must overcome the presumption that, under the circumstances, the challenged

action might be considered sound trial strategy." *Id.* Additionally, "[a] properly licensed attorney

is presumed to execute his duties in an ethical and competent manner." *State v. Taylor,* 4th Dist.

Washington No. 07CA11, 2008–Ohio–482, ¶10, citing *State v. Smith,* 17 Ohio St.3d 98, 100, 477

N.E.2d 1128 (1985). Therefore, a defendant bears the burden to show ineffectiveness by

demonstrating that counsel's errors were "so serious" that counsel failed to function "as the

'counsel' guaranteed * * * by the Sixth Amendment." *Strickland,* 466 U.S. at 687; *e.g.,*

*Obermiller* at ¶84; *State v. Gondor,* 112 Ohio St.3d 377, 2006–Ohio–6679, 860 N.E.2d 77, ¶62;

*State v. Hamblin,* 37 Ohio St.3d 153, 156, 524 N.E.2d 476 (1988).

2

Prejudice

{¶ 33} To establish prejudice, a defendant must demonstrate that a reasonable probability

exists that "'but for counsel's errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine the outcome.'" *Hinton,* 134 S.Ct. at

1089, quoting *Strickland,* 466 U.S. at 694; *e.g., State v. Short,* 129 Ohio St.3d 360,

2011–Ohio–3641, 952 N.E.2d 1121, ¶113; *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373

(1989), paragraph three of the syllabus. "'[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.'" *Hinton,* 134 S.Ct. at 1089, quoting *Strickland,* 466 U.S. at 695. Furthermore, courts may not simply assume the existence of prejudice, but must require the defendant to affirmatively establish prejudice. *State v. Clark,* 4th Dist. Pike No. 02CA684, 2003–Ohio–1707, ¶22; *State v. Tucker,* 4th Dist. Ross No. 01CA2592 (Apr. 2, 2002). As we have repeatedly recognized, speculation is insufficient to demonstrate the prejudice component of an ineffective assistance of counsel claim. *E.g., State v. Jenkins,* 4th Dist. Ross No. 13CA3413, 2014–Ohio–3123, ¶22; *State v. Simmons,* 4th Dist. Highland No. 13CA4, 2013–Ohio–2890, ¶25; *State v. Halley,* 4th Dist. Gallia No. 10CA13, 2012–Ohio–1625, ¶25; *State v. Leonard,* 4th Dist. Athens No. 08CA24, 2009–Ohio–6191, ¶68; *accord State v. Powell,* 132 Ohio St.3d 233, 2012–Ohio–2577, 971 N.E.2d 865, ¶86 (stating that an argument that is purely speculative cannot serve as the basis for an ineffectiveness claim).

B

AGGRAVATED ASSAULT JURY INSTRUCTION

{¶ 34} Appellant first claims that trial counsel performed ineffectively by failing to request the trial court to give the jury an aggravated assault instruction. This court and others have repeatedly held, however, that defense counsel's decisions regarding inferior-degree-offense (or lesser-included-offense) jury instructions ordinarily constitute matters of trial strategy. *State v. Griffie,* 74 Ohio St.3d 332, 333, 658 N.E.2d 764 (1996)*; State v. Clayton,* 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980); *Dean*, *supra*, at ¶32; *State v. Daniel*, 2016-Ohio-5231, 57 N.E.3d 1203, ¶44 (8th Dist.)*; State v. Fouts*, 4th Dist. Washington No. 15CA25, 2016-Ohio-1104, 2016 WL

1071457, ¶73; *Columbus v. Clark*, 10th Dist. Franklin No. 14AP-719, 2015-Ohio-2046, 2015 WL 3421518, ¶27; *State v. Cottrell,* 4th Dist. Ross Nos. 11CA3241 and 11CA3242, 2012–Ohio–4583, 2012 WL 4713899, ¶21; accord*; Bailey* at ¶46. For instance, defense counsel's decision to forego an inferior-degree-offense instruction may be a strategic maneuver designed to obtain an acquittal, instead of a conviction on an inferior-degree-offense. *Wine* at ¶30; *Fouts* at ¶73; *Cottrell* at ¶21.

{¶ 35} In the case sub judice, trial counsel's decision not to request an aggravated assault jury instruction appears to have been a strategic maneuver designed to obtain an acquittal on the charged offense (felonious assault) and to avoid a conviction on an inferior-degree-offense (aggravated assault). We note that trial counsel filed a pretrial motion requesting the trial court to give the jury an aggravated assault jury instruction. Thus, trial counsel obviously was aware that an aggravated assault instruction may be appropriate. Counsel's failure to renew his request at trial does not constitute deficient performance and supports the theory that trial counsel made a tactical decision not to request an aggravated assault instruction.

{¶ 36} Moreover, "the failure to make a futile objection does not constitute deficient performance." *State v. Corder,* 2012-Ohio-1995, 969 N.E.2d 787 (4th Dist.), ¶29, citing *State v. Washington,* 5th Dist. Stark No. 2005CA00050, 2006-Ohio-825, 2006 WL 438691, ¶21. As we determined in our discussion of appellant's first assignment of error, the evidence presented at trial did not warrant an aggravated assault instruction. Therefore, not only was it a matter of trial strategy whether to request an aggravated assault instruction, counsel's objection to the lack of the instruction would have been futile. *Fouts* at ¶75 (noting that trial counsel "not required to pursue a vain act").

C

COSTS

{¶ 37} Appellant next complains that trial counsel performed ineffectively by failing to object when the court ordered appellant to be responsible for court costs.

{¶ 38} R.C. 2947.23(A)(1) governs the imposition of costs in criminal cases and provides in relevant part: "In all criminal cases * * * the judge * * * shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs." A trial court must include in the sentence the costs of prosecution and render a judgment against the defendant for costs, even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004–Ohio–5989, 817 N.E.2d 393, ¶8.

{¶ 39} Although trial courts must "assess costs against all convicted criminal defendants, [the Ohio Supreme Court] has held that 'waiver of costs is permitted—but not required—if the defendant is indigent.'" *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶11, quoting *White* at ¶14. The trial court thus has discretion to waive court costs if the defendant is indigent. *Id.* at ¶12; *see State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶12.

{¶ 40} R.C. 2947.23 formerly required a defendant to request a waiver of costs at the time of sentencing. *See State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus; *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶14; *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶15. The statute, however, has been amended so that a defendant no longer must request a waiver of costs at the time of sentencing. Under the version of the statute in effect at the time of appellant's sentencing, the trial "court retains jurisdiction to waive, suspend, or modify the payment of the costs of

prosecution at the time of sentencing or at any time thereafter."   R.C. 2947.23(C);[2] *accord*

*Farnese* at ¶12, citing *State v. Hawkins*, 4th Dist. Gallia No. 13CA3, 2014–Ohio–1224, ¶18; *State*

*v. Walker*, 8th Dist. Cuyahoga No. 101213, 2014–Ohio–4841, ¶9.   Thus, "a defendant is no longer

required to move for a waiver of court costs at the sentencing hearing or waive it."   *Farnese* at

¶15.   As a result, ineffective assistance of trial counsel claims based upon a failure to request a

waiver of costs at the time of sentencing have become difficult—if not impossible—to establish.

*Id.*; *accord State v. Weddington*, 4th Dist. Scioto No. 15CA3695, 2015-Ohio-5249, ¶23.

{¶ 41} In *Farnese*, we explained that the decision when to seek a waiver, suspension, or

modification of the costs of prosecution may be a matter of strategy.   *Id.* at ¶16.   Trial counsel

may decide, as a matter of strategy, to delay seeking a waiver, suspension, or modification "until

some later time when the trial court had time to either reflect upon its sanctions or the vividness of

the impact of [the defendant]'s conduct had faded."   *Id.*; *accord State v. Farless*, 6th Dist. Lucas

No. L-15-1060, 2016-Ohio-1571, ¶8.

{¶ 42} In the case sub judice, we similarly believe that trial counsel's decision not to

request a waiver of costs at the sentencing hearing may have been a matter of trial strategy.

Furthermore, even if we could state that trial counsel performed deficiently by failing to request a

waiver at sentencing, appellant cannot demonstrate prejudice.   Appellant has not lost the ability to

seek a waiver of costs.   *See* R.C. 2947.23(C); *State v. Savage*, 4th Dist. Meigs No. 15CA2,

2015-Ohio-4205, ¶32 (stating that under R.C. 2947.23(C), defendant "not precluded from now

seeking waiver of the payment of costs based on claimed indigency"); *State v. Williams*, 3rd Dist.

---

[2] R.C. 2947.23(C) became effective on March 22, 2013.   Appellant's sentencing hearing was held in October 2015, after the effective date of this section.

Auglaize No. 2-13-31, 2014-Ohio-4425, ¶17 (determining that any error trial counsel made by failing to object to costs at sentencing not prejudicial when appellant retained the ability to seek waiver under court's continuing jurisdiction granted in R.C. 2947.23(C)). Consequently, we do not believe that trial counsel performed ineffectively by failing to request the trial court to waive court costs.

{¶ 43} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted.   The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.   The stay as herein continued will terminate at the expiration of the sixty day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.   Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele, Judge

## **NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.